UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,                :

                        Plaintiff,       :

        -against-                        :

AMAURY ALBERTO DURAN,                    :    10 Cr. 174 (LAK)(HBP)

                        Defendant,       :    REPORT AND
                                              RECOMMENDATION
----------------------------------X

UNITED CHECK CASHING and                 :
JAMES BLAKE,
                                         :
                        Third-Party
                        Claimants.       :

----------------------------------X


            PITMAN, United States Magistrate Judge:


            TO THE HONORABLE LEWIS A. KAPLAN, United States

District Judge,


I.   Introduction


            Third-party claimants United Check Cashing ("United")

and its owner, James Blake ("Blake") (collectively, "Claimants"),

move for an order (1) releasing the sum of $21,965.00, plus

interest, which was seized by the Government from the defendant,

pursuant to Fed.R.Crim.P. 41(g) and (2) granting Claimants

attorneys' fees incurred in connection with the filing of their

motion, pursuant to 28 U.S.C. § 2465 or, in the alternative, 28
U.S.C. § 2412 (Docket Item 55).  The Government opposes Claim-
ants' motion on the grounds that (1) the motion is moot in light
of recent events and (2) Claimants lack a legal basis for an
award of interest or attorneys' fees (Docket Item 59).  Since the
filing of the motion, the Government has returned the sum of
$21,965.00 to Claimants.  Because Claimants seek additional
relief in the form of interest on the seized funds and attorneys'
fees, Claimants argue that the motion is not moot.

For the reasons set forth below, I respectfully recom-
mend that Claimants' motion be denied in its entirety.

## II.  Facts

The relevant facts are set forth in the declarations of
Claimants' attorney, Steven L. Kessler, Esq., dated November 19,
2012 ("Kessler Decl.") (Docket Item 56), and Sharon Cohen Levin,
Esq., Assistant United States Attorney ("AUSA"), dated December
4, 2012 ("Levin Decl.") (Docket Item 59), and the exhibits
attached thereto.  There are no genuine issues of material facts.

United is a check cashing service located in Bloom-
field, New Jersey, and is owned by Blake (Kessler Decl. ¶ 4).  On
February 9, 2010, Amaury A. Duran ("Duran"), the defendant,
presented three checks to United, which collectively totaled

2

$21,965.00 (Kessler Decl. ¶ 5).  United paid defendant the face
value of the checks in cash (Kessler Decl. ¶ 6).  Several hours
later, Duran was arrested and his property, including approxi-
mately $29,000, was seized by the Government (Kessler Decl. ¶ 6;
Levin Decl. ¶ 2).  Duran was subsequently indicted on conspiracy
and cocaine-related drug charges (Levin Decl. ¶ 3).  On February
16, 2010, the Drug Enforcement Administration ("DEA") issued a
report, which stated, "Duran said that he acquired his approxi-
mately $29,000 U.S.C. § by writing and cashing bad checks earlier
that day . . . ." (Kessler Decl. ¶ 20, Ex. J).  There is no
dispute that part of the property seized from Duran by the
Government included the $21,965.00 in cash that Claimants paid
Duran earlier that day.

        Because the checks negotiated by Duran were worthless,
upon learning of defendant's arrest, Claimants wrote to the
defendant, the AUSA in charge of defendant's case and the DEA,
seeking the return of the funds (Kessler Decl. ¶¶ 8, 10, 12).  On
June 10, 2010, the DEA responded to Claimants' letter, stating
that the "time period to file a claim expired on May 6, 2010, as
published in the Wall Street Journal" (Kessler Decl. ¶ 13, Ex. F
(emphasis in original)).  The DEA also advised Claimants to file
a petition for either remission or mitigation (Kessler Decl.
¶ 14, Ex. F).  On July 6, 2010, Claimants filed a remission

3

petition with the DEA (Kessler Decl. ¶ 15; Levin Decl. ¶ 4).  The

DEA sent "written notice of the seizure of the [s]eized [f]unds"

to Claimants on August 4, 2010, and advised them to petition the

DEA for the return of the property or to timely contest the

forfeiture proceeding in federal court (Levin Decl. ¶ 5, Ex. A).

On October 6, 2010, the DEA administratively forfeited the seized

funds (Levin Decl. ¶ 6, Ex. B).  The DEA's official declaration

of forfeiture states, in pertinent part:

> notice of the seizure and intent to forfeit was pub-
> lished on the following dates 03/22/2010, 03/29/2010,
> 04/05/2010 and was sent to each party who appeared to
> have an interest in this/these property(ies).  Because
> there were no claims filed for the property within
> thirty (30) days from the date of the last publication
> of the Notice of Seizure or thirty-five (35) days from
> the date the Personal Seizure Notices were mailed, it
> is hereby declared that the property has been forfeited
> to the United States Government pursuant to 21 USC 881

(Levin Decl., Ex. B).  The Government does not dispute that

actual notice was not sent to Claimants on the dates listed on

the declaration of forfeiture; the Government appears to have

viewed Claimants as general unsecured creditors who did not have

a legal interest in the forfeited property (Kessler Decl., Ex.

I).  The DEA subsequently denied Claimants' petition for remis-

sion or mitigation on November 29, 2010, and adhered to that

conclusion following a petition for reconsideration on March 29,

2011 (Kessler Decl. ¶¶ 18-22; Levin Dec. ¶¶ 7-9).  It is also

4

undisputed that Claimants did not exercise their option to contest the forfeiture proceeding in federal court.

The defendant was sentenced on May 16, 2011 (Kessler Decl. ¶ 32).  During the sentencing, your Honor expressed concern regarding the Government's retention of funds that belonged to Claimants and recommended that the Government release the $21,965.00 to Claimants (Kessler Decl., Ex. M).  As a result, on May 18, 2011, your Honor entered an Order of Restitution, which ordered the defendant to pay a total amount of $21,965.00 "less any award released to the victim [i.e., the Claimants] by the United States" (Docket Item 49).

In June 2011, Claimants retained Kessler to assist them in securing the return of the funds (Kessler Decl. ¶ 56).  As of April 2012, Claimants had still not received the funds, and they submitted a petition to the United States Attorney's Office for the Southern District of New York ("USAO") for remission of $21,965.00 (Kessler Decl. ¶ 59; Levin Dec. ¶ 12).  Because the funds had since been forfeited and shared with local law enforcement, the USAO had to request that the Department of Justice ("DOJ") invoke its "restoration procedures" in order to release the funds (Levin Decl. ¶¶ 13, 14).  It was during this stage that Claimants filed this motion.

Following the parties' submissions on this motion, the USAO received notice from the DOJ that the restoration request had been approved and that the funds were in the process of being transferred for distribution to Claimants (Letter from Sharon Cohen Levin, Esq. to the Honorable Lewis A. Kaplan, United States District Judge, dated Dec. 7, 2012).  On April 22, 2013, I conferred with the parties by telephone and was informed that a check in the amount of $21,965.00 had been issued to Claimants during the previous week.  Having received no further submissions to the contrary, I assume that Claimants have received the check and that the only remaining issues are Claimants' request for interest and attorneys' fees.

III.  <u>Analysis</u>

Claimants seek interest and attorneys' fees, pursuant to Fed.R.Crim.P. 41(g), 28 U.S.C. § 2465 and 28 U.S.C. § 2412 (Docket Item 55).  For the reasons that follow, Claimants' motion should be denied.

A.   Fed.R.Crim.P. 41(g)

Claimants appear to rely on Fed.R.Crim.P. 41(g) for
their claim of interest on the seized funds.[1]  Federal Rule of
Criminal Procedure 41(g) states that:

> [a] person aggrieved by an unlawful search and seizure
> of property or by the deprivation of property may move
> for the property's return.  The motion must be filed in
> the district where the property was seized.  The court
> must receive evidence on any factual issue necessary to
> decide the motion.  If it grants the motion, the court
> must return the property to the movant, but may impose
> reasonable conditions to protect access to the property
> and its use in later proceedings.

Fed.R.Crim.P. 41(g).[2]

Although the Court of Appeals for the Second Circuit
has not addressed whether a grant of interest is appropriate on a

---

[1]For example, in their brief, Claimants request an Order
"directing plaintiff United States of America to return to the
Third-Party Claimants the sum of $21,965.00, plus interest,
pursuant to 41(g) of the Federal Rules of Criminal Procedure and
the inherent equitable powers of this Court" (Docket Item 55 at
22 (emphasis added)).

[2]This rule was reorganized in 2002.

> Previously, the subsection addressing motions to return
> property was Rule 41(e).  In 2002, this subsection was
> redesignated Rule 41(g) without substantive change.
> Accordingly, courts have applied the case law concern-
> ing former Rule 41(e) to the current Rule 41(g). This
> [Report and Recommendation] therefore refers to former
> Rule 41(e) as Rule 41(g).

De Almeida v. United States, 459 F.3d 377, 380 n.2 (2d Cir. 2006)
(inner citation omitted).

7

motion for the return of property, the Supreme Court has held that absent "express [C]ongressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award.'" Library of Cong. v. Shaw, 478 U.S. 310, 314 (1986), superseded on other grounds by Civil Rights Act of 1991, Pub. L. No. 102-166, § 114, 105 Stat. 1079; accord Liberman v. Barnhart, No. 05-5591, 2006 WL 1049065 at *1 (2d Cir. 2006) ("To the extent [plaintiff] requests interest on his 'out-of-pocket' expenses, he has not pointed to any express waiver of the United States's sovereign immunity that would enable him to recover such interest." (citation omitted)); Palmieri v. Allstate Ins. Co., 445 F.3d 179, 193 (2d Cir. 2006); Ikelionwu v. United States, 150 F.3d 233, 239 (2d Cir. 1998).

Rule 41(g) is silent on the issue of interest, and references only that seized property be returned.[3]  Hence, the no-interest rule articulated by the Supreme Court bars Claimants from receiving interest on the seized funds.

To the extent Claimants argue that the Government's delay in returning the funds to Claimants requires that interest be awarded, the no-interest rule still applies.

---

[3]Nor does the Order of Restitution, which requires the defendant to pay Claimants $21,965.00, make reference to an award of interest (Docket Item 49).

8

> Interest and a delay factor share an identical func-
> tion.  They are designed to compensate for the belated
> receipt of money.  <u>The no-interest rule has been ap-</u>
> <u>plied to prevent parties from holding the United States</u>
> <u>liable on claims grounded on the belated receipt of</u>
> <u>funds, even when characterized as compensation for</u>
> <u>delay.</u>

<u>Library of Cong. v. Shaw</u>, <u>supra</u>, 478 U.S. at 322 (emphasis
added).

Finally, the majority of the Circuit courts that have
addressed this or similar issues have held that the no-interest
rule bars an award of interest upon the return of seized prop-
erty.  <u>See</u>, <u>e.g.</u>, <u>United States v. Craig</u>, 694 F.3d 509, 512-13
(3d Cir. 2012) ("[W]e hold that Rule 41(g), which provides only
for the 'return [of] property' and makes no explicit mention of
interest, does not waive the sovereign's immunity with respect to
[the appellant's] claim. . . . Our holding accords with the
majority of our sister circuits to have addressed the issue.");
<u>United States v. $30,006.25 in U.S. Currency</u>, 236 F.3d 610, 614
(10th Cir. 2000) (holding sovereign immunity prohibited an award
of prejudgment interest to the claimant upon the return of his
property); <u>Peña v. United States</u>, 157 F.3d 984, 986 (5th Cir.
1998) ("Rule 41([g]) makes no provision for monetary damages, and
we will not read into the statute a waiver of the federal govern-
ment's immunity from such damages."); <u>but</u> <u>see</u> <u>United States v.</u>
<u>Ford</u>, 64 F. App'x 976, 984 (6th Cir. 2003) ("The returnable

9

property includes the government's profit from the use of the seized property during the period in which the property was improperly held, which includes interest accrued during this period.").

Accordingly, I recommend that Claimants' request for an award of interest on the $21,965.00 be denied.[4]

## B.   Civil Asset Forfeiture Reform Act ("CAFRA")

CAFRA permits the grant of attorneys' fees (and interest[5]) when, "[u]pon the entry of a judgment," a party "substantially prevails" "in any civil proceeding to forfeit property." 28 U.S.C. § 2465(a), (b).  Here, Claimants are not entitled to such fees or interest because they have neither "substantially prevail[ed]" nor obtained a judgment or any specific relief in a

---

[4]To the extent Claimants rely on Rule 41(g) for an award of attorneys' fees, such request should also be denied because Rule 41(g) does not provide for attorneys' fees.  See Marx v. Gen. Revenue Corp., 133 S.Ct. 1166, 1175 (2013) ("Under the 'bedrock principle known as the 'American Rule,' [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." (inner quotation marks and citation omitted)).

[5]Claimants explicitly rely on Rule 41(g) for their interest claim; however, Claimants bury within their "Attorneys' Fees" section, a request for "attorneys' fees, interest, costs and disbursements" pursuant to CAFRA or the Equal Access to Justice Act ("EAJA") (Docket Item 55 at 19 (emphasis added)).  To the extent, then, that Claimants rely on CAFRA or the EAJA for an award of interest, the claim should be rejected on the same grounds as Claimants' request for attorneys' fees.

forfeiture action, as required by the statute.  See Hernandez v.
United States, 86 F. Supp. 2d 331, 336 n.6 (S.D.N.Y. 2000)
(Scheindlin, D.J.) ("entry of judgment for the claimant" is
necessary to trigger 28 U.S.C. § 2465).

        In addition, Claimants have not "substantially pre-
vail[ed]," as required by CAFRA.  28 U.S.C. § 2465(b).  A party
"substantially prevails" when its motion results in a "material
alteration of the legal relationship of the parties."  United
States v. Davis, 648 F.3d 84, 97 (2d Cir. 2011), citing Tex.
State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782,
792-93 (1989).  Here, Claimants' motion has not resulted in any
enforceable judgment which materially altered the legal relation-
ship of the parties.  Rather, the Government had already put into
motion a series of events that led to the eventual return of the
seized funds to Claimants; the Government had initiated these
procedures before this motion was even filed, and thus, Claimants
cannot be deemed as having substantially prevailed (see Levin
Decl. ¶¶ 15, 16).  Indeed, even if the filing of this motion was
a catalyst for the return of the funds, the Supreme Court has
rejected the "catalyst theory" as a basis for an award of attor-
neys' fees.  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of
Health & Human Res., 532 U.S. 598, 605 (2001) ("A defendant's
voluntary change in conduct, although perhaps accomplishing what

11

the plaintiff sought to achieve by the lawsuit, lacks the neces-

sary judicial imprimatur on the change.  Our precedents thus

counsel against holding that the term 'prevailing party' autho-

rizes an award of attorney's fees without a corresponding alter-

ation in the legal relationship of the parties." (emphasis in

original)), superceded on other grounds by Open Government Act of

2007, Pub. L. No. 110-175, 121 Stat. 2524; see also Perez v.

Westchester Cnty. Dep't of Corrs., 587 F.3d 143, 149 (2d Cir.

2009) ("[I]n order to be considered a prevailing party . . . , a

plaintiff must not only achieve some material alteration of the

legal relationship of the parties, but that change must also be

judicially sanctioned." (inner quotation marks and citation

omitted)).

          Furthermore, Claimants did not prevail pursuant to a

civil proceeding to forfeit property.  The Order of Restitution

is clearly not relevant to this inquiry because it was directed

to the defendant, not the Government, and such order is a compo-

nent of a criminal sentence, as opposed to a civil proceeding.

See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697,

702 (2d Cir. 2000) ("Congress intended to make restitution an

element of the criminal sentencing process and not an independent

action civil in nature." (inner quotation marks and citation

omitted)).  In the absence of a judgment in an action to condemn

or forfeit property, Claimants have failed to meet an essential
condition precedent to an award of interest and fees under CAFRA.

C.   Equal Access to Justice Act ("EAJA")

Claimants seek attorneys' fees, in the alternative,
pursuant to the EAJA.  "[U]nder the EAJA, 'eligibility for a fee
award in any civil action requires:  (1) that the claimant be a
prevailing party [in an action brought by or against the United
States]; (2) that the Government's position was not substantially
justified; [and] (3) that no special circumstances make an award
unjust.'"  Gomez-Belono v. Holder, 644 F.3d 139, 144 (2d Cir.
2011), quoting Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990); see
28 U.S.C. § 2412.

The Second Circuit has held the EAJA to be "irreconcil-
ably at odds" with CAFRA, such that CAFRA "expressly and unequiv-
ocally provides that '[t]he United States shall not be required
to . . . make any other payments to the claimant not specifically
authorized by this subsection.'"  United States v. Khan, 497 F.3d
204, 211 (2d Cir. 2007) (citations omitted; emphasis in origi-
nal).  Hence, since "CAFRA is exclusive of all other remedies,"
and Claimants were not entitled to fees under CAFRA, "they cannot
obtain through the backdoor of the EAJA what Congress has forbid-

den them to obtain through the front door of CAFRA." <u>United
States v. Khan</u>, <u>supra</u>, 497 F.3d at 211.

In any event, Claimants cannot satisfy the EAJA's
"prevailing party" requirement, for the same reasons they could
not meet the "substantially prevails" requirement of CAFRA.
<u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &
Human Res.</u>, <u>supra</u>, 532 U.S. at 603-05.

In light of Claimants' failure to demonstrate that they
are entitled to attorneys' fees under either CAFRA or the EAJA,
Claimants' request for attorneys' fees should be denied.

## IV.   <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respect-
fully recommend that Claimants' motion be denied as to their
request for interest and attorneys' fees.  The remainder of
Claimants' motion should be denied as moot.

## V.   <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  <u>See also</u> Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,

with courtesy copies delivered to the Chambers of the Honorable
Lewis A. Kaplan, United States District Judge, 500 Pearl Street,
Room 2240, New York, New York 10007 and to the Chambers of the
undersigned, 500 Pearl Street, Room 750, New York, New York
10007.   Any requests for an extension of time for filing objec-
tions must be directed to Judge Kaplan.   FAILURE TO OBJECT WITHIN
FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL**
PRECLUDE APPELLATE REVIEW.   Thomas v. Arn, 474 U.S. 140, 155
(1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.
1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054
(2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.
1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.
1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).


Dated:   New York, New York
         September 30, 2013

                               Respectfully submitted,


                               _____
                               HENRY PITMAN
                               United States Magistrate Judge


Copies transmitted to:

Steven L. Kessler, Esq.
Law Offices of Steven L. Kessler
122 East 42 Street, Suite 606
New York, New York 10168

15

Sharon Cohen Levin, Esq.
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007